SICKELS *v.* BERLINER.

1. MECHANICS' LIENS—RESIDENCES—ADDITION TO DRIVEWAY.

Evidence presented in suit to foreclose mechanic's lien for construction of a residence *held*, to support plaintiff's claim with respect to completion of project in a workmanlike manner insofar as it related to construction of addition to driveway, where such addition was insisted by owners when weather was very cold and required some patching, hence, trial court's denial of deduction for cost of patching was proper (CL 1948, § 570.1 *et seq.*, as amended by PA 1954, No 50).

2. SAME—RESIDENCES—PATIO POST—REPAIRS.

Cost of repairing defect of residence construction by omission of patio post as required by plans *held*, properly deducted from amount withheld by defendant owners, under evidence presented in suit to foreclose a mechanic's lien against residence property (CL 1948, § 570.1 *et seq.*, as amended by PA 1954, No 50).

3. SAME—RESIDENCES—SANITARY SYSTEM.

Rejection of defendant owners' claim that sanitary system installed in residence property was not satisfactory *held*, proper in suit to foreclose a mechanic's lien, where septic tank and drainfield accorded with the language of the specifications and record indicates the malfunctioning may have resulted from excessive use of the sprinkling system (CL 1948, § 570.1 *et seq.*, as amended by PA 1954, No 50).

4. SAME — RESIDENCES — KITCHEN CABINETS — HARDWARE — CLEANING OF BRICK.

Claims of defendant owners in suit to foreclose a mechanic's lien for construction of a residence, relative to kitchen cabinets, hardware, window frame, and washing down of exterior bricks, *held*, properly disposed of under record presented (CL 1948, § 570.1 *et seq.*, as amended by PA 1954, No 50).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 36 Am Jur, Mechanics' Liens § 271 *et seq.*
[2] 36 Am Jur, Mechanics' Liens § 269.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted October 9, 1962. (Docket No. 69, Calendar No. 49,402.) Decided December 4, 1962.

Bill by Duane F. Sickels against Sidney S. Berliner, Ruth Berliner, and the Farmers and Merchants National Bank in Benton Harbor, a banking corporation, for foreclosure of lien to enforce balance due on building contract. Decree for plaintiff. Defendants Berliner appeal. Affirmed.

*Small & Shaffer* (*Zoe E. Shaffer,* of counsel), for plaintiff.

*Gore & Williams,* for defendants Berliner.

CARR, C. J. Under date of August 17, 1955, plaintiff entered into a written agreement with defendants Berliner whereby he undertook to construct for them a residence in accordance with specifications and drawings prepared for the work. The total consideration for the contract was the sum of $32,000. During the work of construction or shortly thereafter he was paid the amount specified with the exception of the sum of $1,500, payment of which defendants Berliner refused on the basis of objections made by them as to certain details of the construction.

The present suit for foreclosure of mechanic's lien was instituted July 1, 1957, plaintiff asserting in his bill of complaint that he had completed his part of the contract and that he had complied with the statutory provisions[*] essential to the perfection of his claimed lien. The Farmers and Merchants National Bank was joined as a party defendant because it held a mortgage on the premises, plaintiff averring that said mortgage was subject to his lien. Herein-

---

[*] CL 1948, § 570.1 *et seq.,* as amended by PA 1954, No 50 (Stat Ann 1953 Rev and Stat Ann 1955 Cum Supp § 26.281 *et seq.*).

after Sidney and Ruth Berliner are referred to as the defendants.

Defendants filed answer to plaintiff's pleading admitting the execution of the contract relied on by plaintiff but denying that the latter had performed in accordance therewith and further asserting that the dwelling was not constructed in a good workmanlike manner. The pretrial conference memorandum in the cause was filed January 12, 1961, indicating that the question at issue was whether plaintiff had constructed the dwelling in a workmanlike manner and in accordance with the written agreement. It was conceded that the requirements of the mechanic's lien statute had been duly followed. The issue between plaintiff and defendant bank was found to be whether the work was commenced prior to the recording of the mortgage and whether plaintiff participated on behalf of defendants Berliner in obtaining the loan secured by the mortgage.

On the hearing in circuit court plaintiff offered testimony in support of the averments of his pleading, covering particular matters in dispute between the parties. It was his claim in substance that he had fully complied with the plans and specifications, that the materials used were proper and adequate, and that the labor entering into the construction was performed in a good workmanlike manner. It was the claim of defendants that there were certain defects in construction and in completion of the work required by the contract, and that the aggregate loss or damage sustained by them with reference thereto exceeded the amount of the lien claimed by plaintiff. With 1 exception the trial judge, after listening to the proofs of the parties, concluded that the objections raised on behalf of defendants related to minor details for which damages could not be computed or that defendants were, at least in part, responsible for what occurred.

One disputed item related to the driveway which was constructed, in accordance with the specifications, 18′ in width. Thereafter, as it is claimed, defendants requested that the drive be widened by adding an extra foot on each side. The testimony indicated that the weather was cold at the time and the ground frozen. Plaintiff insists that he questioned the advisability of making the proposed additions to the driveway but finally did so at the insistence of defendants. The result was not wholly satisfactory insofar as the added strips of cement were concerned, and some patching was required. The trial judge concluded that defendants were not entitled to a deduction from the contract price because of the necessity for such patching, and under the proofs we think that the conclusion was correct. Defendants assumed the risk of the additions to the driveway, that they insisted on being installed by plaintiff, being defective.

It appears from the proofs that in 1 respect the specifications were not fully observed by plaintiff. In constructing the patio a post required to be installed, under the specifications as incorporated in the contract, was omitted. Such omission was apparently responsible for a settling that caused the screens installed to become bowed to the extent of approximately 4″ The trial judge concluded that plaintiff should be charged with the cost of repairing the defect, including the installation of the post, and that the total amount of such expense would be the sum of $88. Accordingly a set-off in that amount was allowed as against the claim of plaintiff. Under the proofs such allowance fairly covered the item in question.

Defendants also complained because the sanitary system installed was not satisfactory. The specifications provided for two 500-gallon septic tanks and "200 square foot crushed stone drainfield." It ap-

pears that septic tanks of the capacity indicated were installed. Testimony was offered indicating that the drainfield as actually established, made up of crushed stone and perforated pipe, was 254 square feet in area, thus exceeding the requirement of the specifications. Apparently it was the claim of defendants that the provision with reference to the drainfield as set forth in the specifications required 200 lineal feet of trenches. The trial judge rejected such claim, and properly so. The installation accorded with the language of the specifications. The record indicates also that the failure to function properly might have resulted from excessive use of the sprinkling system.

Other questions raised in the case related to defendants' contention that the kitchen cabinets installed, referred to as birch cabinets, should have been made of solid birch rather than birch veneer over white pine. It was also in dispute as to whether defendants were permitted to select the hardware used in the construction. These questions were determined in favor of the plaintiff by the trial court on the basis of the proofs. Like results were reached with reference to claims that bricks on the exterior of the house were not properly washed down and cleaned of mortar, and that there was a mark or defect in a window frame in a bathroom. We think that the issues raised with reference to these matters were properly disposed of and that had we been considering the proofs in the first instance we would not have come to a different conclusion.

The decree entered in accordance with the opinion of the trial judge gave plaintiff a lien in the sum of $1,412. It was also declared that the lien of plaintiff for the amount stated was prior to the mortgage of the defendant bank, which, it appears, has not appealed from the decree. The case involves factual issues only, and we are impressed that the trial

judge correctly decided each matter in dispute. The decree is therefore affirmed, with costs to appellee.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.